UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA A. CORTEZ, | ) Case No. SACV 08-1020 PSG(JC) |
| Petitioner, | ) ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| v. | |
| DEBORAH PATRICK, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") and all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), and petitioner's objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made.

The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections, which consist of 87 pages that essentially reargue the merits of

///

petitioner's claims or are otherwise without merit.  Although the Court overrules all of the Objections, the Court specifically addresses certain objections below.

First, although petitioner claims to challenge the sufficiency of the evidence to support her conviction for conspiracy to commit burglary (Objections at 24), petitioner has not raised this claim <u>in these proceedings</u> until filing her objections. <u>Compare</u> Petition, Grounds Three and Four (challenging sufficiency of evidence to support burglary convictions and related special circumstances findings); Memorandum of Points and Authorities in Support of Traverse ("Traverse") at 20-25 (arguing only sufficiency of evidence to support burglary convictions).  To the extent the Objections raise new evidence and arguments not raised in the Petition, this Court, in an exercise of its discretion, declines to consider them.  <u>See</u> <u>United States v. Howell</u>, 231 F.3d 615, 621 (9th Cir. 2000), <u>cert. denied</u>, 534 U.S. 831 (2001); <u>Francis v. Galaza</u>, 308 Fed. Appx. 108, 109 (9th Cir. Jan. 13, 2009) (finding no error in district court's refusal to consider arguments raised for the first time in objections to a magistrate judge's report and recommendation).[1]

Second, to the extent petitioner objects to the Report and Recommendation's rejection of petitioner's prosecutorial misconduct claim alleging that the prosecutor purportedly misrepresented applicable law on felony murder to the jury in closing argument,[2] petitioner's objection is overruled.  Petitioner objects, <u>inter alia</u>, to the

---

[1] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007.  <u>See</u> U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

[2] The prosecution argued:

> I told you there is felony murder in the course of a burglary or robbery, and there is also the special circumstances.  The major distinction between the two of them – and for a first degree felony murder, all you need to find is one.  A burglary or a robbery.  They are both proven, but all you need to find is one. ¶ And, six of you could think I think it is a burglary and six of you could think it is a robbery, but if you all agree it is one of the two, and that a murder happened during the course of it, they are guilty.  There's no requirement that you all agree on the same crime,
> (continued...)

prosecution's argument as telling the jury that to find felony murder all the jury needed to find was "a burglary or robbery. They are both proven." (Objections at 79). While the prosecution misstated the evidence in arguing that robbery was proven when the trial court previously had acquitted petitioner on that count, the trial court instructed the jury that it must base its decision on the facts and the law, and that statements made by the attorneys during the trial are not evidence. See Clerk's Transcript ("CT") 626, 629 (instructions). The jury is presumed to have followed its instructions. See Weeks v. Angelone, 528 U.S. 225, 234 (2000); Zafiro v. United States, 506 U.S. 534, 540-41 (1993). The prosecutor's misstatement did not lessen the burden of proof.

Petitioner also objects to the prosecution's discussion of felony murder in closing as denying petitioner the right to a unanimous verdict, by telling the jurors that they need not agree on which of the two underlying crimes petitioner committed. (Objections at 79-81). To the extent petitioner claims that the prosecution's comments denied her due process, petitioner's objection is overruled. There is no clearly established Supreme Court law recognizing a right to a unanimous jury verdict under the federal Constitution. To the contrary, the Supreme Court has ruled that "a state criminal defendant, at least in noncapital cases, has no federal right to a unanimous jury verdict." Schad v. Arizona, 501 U.S. 624, 634 n. 5 (1991) (citations omitted). Nor does due process require an instruction that jurors unanimously agree about which piece of evidence supports which charge. That is, "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. . . . there is no general requirement that the jury reach agreement on the preliminary factual issues which

---

[2](...continued)
simply that you agree that it is a felony murder and that one of those two crimes was the underlying felony.

(Reporter's Transcript at 1372-73).

underlie the verdict." McKoy v. North Carolina, 494 U.S. 433, 449 (1990) (Blackman, J., concurring) (footnote omitted); Schad v. Arizona, 501 U.S. at 649 ("[I]t has long been the general rule that when a single crime can be committed in various ways, jurors need not agree upon the mode of commission.") (Scalia, J., concurring in part) (citations omitted). In petitioner's case, that the jury may have found petitioner guilty of felony murder during the commission of a burglary or during the attempted commission of a burglary or robbery is without consequence. See Clerk's CT 698, 701 (applicable jury instructions). The jury found true separate special circumstances alleging that the murder was committed during the course of an attempted robbery and during the course of a burglary or attempted burglary. (CT 769-70 (verdict forms)). From the verdicts it is clear that the jury found that petitioner committed or attempted to commit burglary and that he attempted to commit robbery.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein on petitioner and counsel for respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  __12/12/11___

**PHILIP S. GUTIERREZ**
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE